OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's petition for post-conviction relief. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following as his assignments of error:
"ASSIGNMENT OF ERROR NUMBER (ONE)
 "The Verdict Of The Trial Court Is Against The Manifest Weight Of The Evidence.
 "DEFENDANT-APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN
 APPELLANT'S COUNSEL FAILED TO FILE AS [sic] MOTION TO SUPPRESS THE STATEMENT OF APPELLANT CONCERNING HIS MIRANDA RIGHTS.
 "DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT, TO APPELLANT BEING TRIED TWICE FOR THE SAME OFFENSE.
 "APPELLANT'S TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO SUPPRESS THE PHYSICAL EVIDENCE."
Appellant was convicted of one count of rape in 1983. Appellant appealed his conviction and this court affirmed the judgment of the trial court. See State v. Watson (Sept. 23, 1983), Lucas App. No. L-83-080, unreported. On September 20, 1996, appellant filed a petition for post-conviction relief.
In his petition for post-conviction relief, appellant asserted that he was denied effective assistance of trial counsel because his counsel did not make an effort to obtain the grand jury testimony of the alleged victim, did not ask for a continuance to review certain evidentiary items not disclosed until shortly before trial, and did not consult with appellant to properly evaluate the case. On December 4, 1998, the trial court found that appellant had failed to submit documents containing sufficient operable facts to demonstrate that he was entitled to relief and dismissed the petition on the merits, as well as on the basis of laches and res judicata.
On appeal, appellant argues in his first assignment of error that the trial court's judgment was against the manifest weight of the evidence. Appellant also asserts as his second, third and fourth assignments of error that his trial counsel was ineffective because he failed to file a motion to suppress statements made by appellant and certain physical evidence, failed to object to improper jury instructions, and failed to object to appellant being tried twice for the same offense.
As to appellant's claim that the verdict was against the manifest weight of the evidence, this argument was raised on direct appeal in 1983 and ruled on by this court at that time. SeeState v. Watson (Sept. 23, 1983), Lucas App. No. L-83-080, unreported. We further note that this claim is not properly raised in a post-conviction relief proceeding (and was, in fact, not raised in the petition the denial of which appellant appeals). See R.C. 2953.21(A)(1). Accordingly, appellant's first assignment of error is not well-taken.
This court further finds that the claims of ineffective assistance of counsel raised by appellant as his second, third and fourth assignments of error are not the same as those presented to the trial court in his petition for post-conviction relief. This court will not consider errors not presented to the court whose judgment is sought to be reversed. State ex rel. Quarto MiningCo. v. Foreman (1997), 79 Ohio St.3d 78.
Accordingly, appellant's second, third and fourth assignments of error are not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.